DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CONSOLIDATED PROPERTIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 2017-13 |
| THE SHERWIN-WILLIAMS COMPANY, | ) ) | |
| Defendant. | ) ) ) ) | |

ATTORNEYS:

**Gaylin Vogel**
Law Offices of Kevin F. D'Amour, PC
St. Thomas, VI
    *For the plaintiff Consolidated Properties, Inc.*

**Donnie Marcel King**
Akerman LLP
Miami, FL
    *For the defendant Sherwin-Williams Co.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of The Sherwin-Williams Company to dismiss this matter for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or in the alternative to transfer this matter pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

**FACTUAL AND PROCEDURAL HISTORY**

Consolidated Properties, Inc., ("Consolidated") is a corporation registered in the United States Virgin Islands.

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 2

Consolidated's principal place of business is in Georgia.

Consolidated owns the Woodlands, an apartment complex located at

2600 Art Museum Drive, Jacksonville, Florida.

The Sherwin-Williams Company ("Sherwin-Williams") is a

corporation registered in the state of Ohio with its principal

place of business in Ohio. Sherwin-Williams is engaged in the

business of manufacturing and selling paint products.

Uniflex Industrial Roof Coatings ("Uniflex") is an

unincorporated business unit of Sherwin-Williams.

In the Spring of 2012, Uniflex inspected the roof of the

Woodlands. Uniflex recommended the Uniflex Premium Elastomeric

System ("UPES") product to Consolidated. In May 2012,

Consolidated purchased a UPES from a Sherwin-Williams store

located in Kingsland, Georgia, about 40 miles north of the

Woodlands. A ten year warranty was associated with the UPES that

Consolidated purchased.

Consolidated hired the Chism Development Company, Inc.

("Chism") to apply the UPES to the roof of the Woodlands. Chism

is a Florida corporation with its principal place of business in

Fernandina Beach, Florida.

Consolidated alleges that since application of the UPES,

the Woodlands's roof has started peeling, rotting, and

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 3

deteriorating. As a result, the Woodlands has suffered water damage.

Consolidated hired Tecta America, a contractor located in Jacksonville, Florida, to prepare a financial estimate for the cost of repairing the Woodlands's roof.

On January 20, 2017, Consolidated brought suit in the Superior Court of the Virgin Islands against Sherwin-Williams. The Complaint alleged breach of contract, breach of the duty of good faith and fair dealing, and breach of a fiduciary duty. On February 13, 2017, Sherwin-Williams removed the matter to this Court. Sherwin-Williams now moves to either dismiss this matter for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or in the alternative to transfer this matter to the Middle District of Florida or the Northern District of Ohio pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

## DISCUSSION

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(3), seeks dismissal based on improper venue. On such a motion, "a court must accept as true all allegations of the complaint unless contradicted by the defendant's affidavits." *Birdman v. Office of the Governor*, 2010 U.S. Dist. LEXIS 101959, at *5-6 (D.V.I. 2010) (citations omitted). The moving party bears the burden of establishing improper venue or

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 4

the need for a transfer. *Myers v. American Dental Ass'n*, 695

F.2d 716, 724-25 (3d Cir. 1982).

When federal jurisdiction is founded solely on diversity of

citizenship[1], 28 U.S.C. § 1391 ("Section 1391") governs questions

of venue. Under Section 1391(b), venue is proper if a plaintiff

brings the action in a district that is:

> (1) a judicial district in which any
> defendant resides, if all defendants are
> residents of the State in which the district
> is located;
> (2) a judicial district in which a
> substantial part of the events or omissions
> giving rise to the claim occurred, or a
> substantial part of property that is the
> subject of the action is situated; or
> (3) if there is no district in which an
> action may otherwise be brought as provided
> in this section, any judicial district in
> which any defendant is subject to the
> court's personal jurisdiction with respect
> to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a defendant

corporation is deemed to reside "in any judicial district in

which such defendant is subject to the court's personal

jurisdiction with respect to the civil action in question."[2]

28 U.S.C. § 1391(c).

---

[1] Citizenship of a corporation for jurisdiction purposes is determined by 28
U.S.C. § 1332. "[A] corporation shall be deemed to be a citizen of every
State and foreign state by which it has been incorporated and of the State or
foreign state where it has its principal place of business …." 28 U.S.C.S.
§ 1332(c)(1).
[2] Residence for venue purposes is distinct from a determination of citizenship
for subject matter jurisdiction purposes because corporations may be subject
to a court's personal jurisdiction for a variety of different reasons, e.g.,

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 5

Pursuant to 28 U.S.C. § 1406(a), if a case is filed "laying venue in the wrong division or district," then the district court shall either dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Even when venue is proper, 28 U.S.C. § 1404 ("Section 1404") in pertinent part provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ." Thus, a court, in which venue of a case is proper, may also, in its discretion and in the interest of justice, transfer that case to another court. In determining whether it is appropriate to effect such a transfer to a district where the suit might have been brought under Section 1404, the Court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Salovaara v. Jackson Nat'l Life Ins. Co.,* 246 F.3d 289, 298 n. 5 (3d Cir. 2001)

---

through waiver of personal jurisdiction, under a state's general personal jurisdiction, or under a state's long-arm statute.

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 6

(quoting *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir.
1995).

## ANALYSIS

Consolidated argues that venue in this district is proper
under Section 1391(b)(1) because Sherwin-Williams "is subject to
this Court's personal jurisdiction." *See Opposition*, ECF No. 5,
at 1-2. In its assertion, Consolidated correctly implies that a
corporation is deemed a resident of a judicial district for
purposes of Section 1391(b)(1) if the corporation is "subject to
the court's personal jurisdiction with respect to the civil
action in question." 28 U.S.C. § 1391(c). What cannot be
presumed is the threshold determination of whether the Court has
personal jurisdiction over Sherwin-Williams.

"Personal jurisdiction is the authority of a court to
exercise jurisdiction over a party before it." *Molloy v. Indep.
Blue Cross*, 56 V.I. 155, 172 (2012) (quoting Black's Law
Dictionary 930 (9th ed. 2009)). Two types of personal
jurisdiction exist: general and specific. *Helicopteros
Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984).
General jurisdiction exists when the plaintiff's claim arises
out of the defendant's "continuous and systematic" contacts with
the forum state. *Id*. at 416. General jurisdiction exists even if
the cause of action is unrelated to the defendant's activities

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 7

in the forum state. *Id*. at 416. Specific jurisdiction exists

when the plaintiff's claim arises out of the defendant's

activities within the forum such that the defendant could

reasonably anticipate being haled into the state's courts.

*Vetrotex Certainteed Corp. v. Consl. Fiber Glass Prods. Co.*, 75

F.3d 147 (3d Cir. 1995).

Lack of personal jurisdiction is a defense that may be

asserted under Federal Rule of Civil Procedure 12 ("Rule 12").

*See* Fed. R. Civ. P. 12(b)(2). Significantly, it is a defense

that is waivable. *Konigsberg v. Shute*, 435 F.2d 551, 551-52 (3d

Cir. 1970) (per curiam). Waiver may occur by consent or conduct

of the defendant. *Neifeld v. Steinberg*, 438 F.2d 423, 427 (3d

Cir. 1971). Waiver may also occur by the failure of a defendant

to challenge personal jurisdiction in a motion to dismiss

pursuant to Rule 12. Fed. R. Civ. P. 12(h) (providing that a

party's failure to challenge personal jurisdiction in certain

motions, including a motion asserting improper venue, effects a

waiver of the defense of personal jurisdiction).

Here, Sherwin-Williams did not object to this Court's

personal jurisdiction in its 12(b)(3) motion to dismiss. *See*

*Motion to Dismiss*, ECF No. 2. As such, Sherwin-Williams waived

any challenge to this Court's personal jurisdiction. Where, as

here, a defendant waives a challenge to personal jurisdiction,

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 8

that defendant is subject to the courts personal jurisdiction. *Konigsberg*, 435 F.2d at 552. As Sherwin-Williams is subject to this Court's personal jurisdiction, it is deemed to reside in this district. *See* 28 U.S.C. § 1391(c)(2). Thus, venue is proper under Section 1391(b)(1).

A determination that venue is proper in this Court does not end the Court's inquiry. Indeed, in light of that determination, Sherwin-Williams asks the Court to transfer this case to the Middle District of Florida or the Northern District of Ohio because the Virgin Islands is an inconvenient venue. Sherwin-Williams argues that the Middle District of Florida is the most appropriate forum in the interest of justice and for the convenience of both the parties and witnesses.

Section 1404 in pertinent part provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ." 28 U.S.C. § 1404(a). Thus, as a threshold matter, "the Court must first determine whether the transferee venue is one in which the case might have been brought." *Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 588 (D.V.I. 2000); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981).

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 9

Sherwin-Williams is both incorporated in Ohio and has its principle place of business located in Cleveland, Ohio. Cleveland is located in the Northern District of Ohio. In a state with multiple judicial districts, Section 1391(d) provides that a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State … ." 28 U.S.C. § 1391(d). With respect to a corporation, the place of incorporation and principal place of business are paradigmatic bases for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Thus, under Section 1391(d), Sherwin-Williams is deemed a resident of the Northern District of Ohio for venue purposes. Venue is therefore appropriate in Ohio under Section 1391(b)(1).

Sherwin Williams also asserts that venue is appropriate in the Middle District of Florida under Section 1391(b)(2) because a substantial part of the events giving rise to this suit occurred there. In assessing whether events are "substantial" under Section 1391(b)(2), the Third Circuit has cautioned that, "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Systems, Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir. 1994). "Substantiality is intended to preserve the

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 10

element of fairness so that a defendant is not haled into a
remote district having no real relationship to the
dispute." *Id.* Indeed, "[t]he test for determining venue is not
the defendant's 'contacts' with a particular district, but
rather the location of those 'events or omissions giving rise to
the claim' ...." *Id.*

Consolidated and Sherwin-Williams agree that the Woodlands
is located in the Middle District of Florida. Furthermore, the
parties agree that the product in question was installed, used,
and allegedly deteriorated in the Middle District of Florida.
Absent such installation and the subsequent deterioration of the
product in question, there would arguably be no injury. Clearly,
those events are at the core of Consolidated's claim. Based on
the foregoing, it is clear that the Middle District of Florida
is not "a remote district having no real relationship to the
dispute." *Id.* Rather, a sufficiently substantial part of the
events giving rise to this action occurred in Florida to render
venue proper in Florida under Section 1391(b)(2).

Because this action might have been brought in the Northern
District of Ohio or the Middle District of Florida, it is within
the Court's discretion to transfer venue under Section 1404. To
do so, the Court must balance all of the relevant factors and
determine whether a transfer of venue would best serve all the

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 11

private and public interests. *Kendricks v. Hertz Corp.,* 2008 WL
3914135 at *3 (D.V.I. 2008).

In *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir.
1995), the United States Court of Appeals for the Third Circuit
listed certain private and public interest factors that may be
relevant to the determination of whether to transfer venue
pursuant to Section 1404. *Id* at 879-80. The private interest
factors include: (1) "plaintiff's forum preference as manifested
in the original choice;" (2) "the defendant's preference;" (3)
"whether the claim arose elsewhere;" (4) "the convenience of the
parties as indicated by their relative physical and financial
condition;" (5) "the convenience of the witnesses;" and (6) "the
location of books and records (limited to the extent that the
files could not be produced in the alternative forum)." *Id* at
879 (internal citations omitted). The public interest factors
include: (1) "the enforceability of the judgment"; (2)
"practical considerations that could make the trial easy,
expeditious, or inexpensive"; (3) "the relative administrative
difficulty in the two fora resulting from court congestion"; (4)
"the local interest in deciding local controversies at home";
(5) "the public policies of the fora"; and (6) "the familiarity
of the trial judge with the applicable state law in diversity
cases." *Id* at 879-80 (citations omitted).

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 12

"The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Kendricks v. Hertz Corp.,* 2008 WL 3914135 at *3 (D.V.I. 2008). "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) (citations omitted) (internal quotation marks omitted).

The Court will address the six private interest factors in turn.

**A. Private Interest Factors**

The first factor that the Court must consider is the plaintiff's original choice of forum. Here, Consolidated's choice to sue Sherwin-Williams in the Virgin Islands is entitled to deference. *See Shutte*, 431 F.2d at 25 (citations omitted) (internal quotation marks omitted) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed."). Thus, the first factor weighs in favor of the District of the Virgin Islands.

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 13

The second factor that the Court must consider is the
defendant's preferred forum. Sherwin-Williams asserts a strong
preference to litigate this case in Florida or Ohio. Thus, the
second factor weighs equally in favor of the Middle District of
Florida and the Northern District of Ohio.

The third factor that the Court must consider is where the
claim arose. Consolidated brought claims for breach of warranty,
breach of good faith and fair dealing, and breach of fiduciary
duty. At issue under each of these claims is the cause of the
alleged deterioration of the UPES. This occurred in the Middle
District of Florida. Thus, the third factor weighs in favor of
the Middle District of Florida.

The fourth factor that the Court must consider is the
convenience of the parties as indicated by their relative
physical and financial condition. The Court balances the burden
on each party due to litigating in the District of the Virgin
Islands with the burden on each party due to litigating in the
Middle District of Florida or the Northern District of Ohio.
Consolidated's principal place of business is in St. Mary's,
Georgia. Sherwin-Williams's principal place of business is in
Cleveland, Ohio. Physically and financially, the Middle District
of Florida is the most central location for both parties. Thus,

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 14

the fourth factor weighs in favor of the Middle District of

Florida.

The fifth factor that the Court must consider is the

convenience of the witnesses. As this Court has previously

explained, "[t]he convenience to witnesses weighs heavily in

making a decision regarding a motion to transfer venue."

*Kendricks,* 2008 WL 3914135 at *5 (internal quotation marks

omitted).

> The party asserting witness inconvenience has
> the burden to proffer, by affidavit or
> otherwise, sufficient details respecting the
> witnesses and their potential testimony to
> enable the court to assess the materiality of
> evidence and the degree of inconvenience.
> ...
> Additionally, the moving party must
> demonstrate whether that witness is willing to
> travel to a foreign jurisdiction. Merely
> stating that potential witnesses reside beyond
> a forum's subpoena power does little to assist
> the court in weighing the convenience of the
> witness and the necessity of compulsory
> process. When the appearance of witnesses can
> be secured regardless of the forum's location
> through court order or persuasion by an
> employer who is a party to the action, this
> factor becomes less important.

*Samsung Electronics Co., Ltd. v. Rambus, Inc.,* 386 F. Supp. 2d

708, 719 (E.D. Va. 2005) (citations omitted) (internal quotation

marks omitted). Consolidated purchased the UPES in Georgia. The

Woodlands and its residents are located in the Middle District

of Florida. Chism, the contractor who applied the UPES to the

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 15

roof of the Woodlands, is located in the Middle District of
Florida. Tecta America, the contractor who provided a repair
estimate for the roof at the Woodlands, is located in the Middle
District of Florida. Thus, the fifth factor weighs in favor of
the Middle District of Florida.

The sixth factor the Court must consider is the location of
books and records, limited to the extent that the files could
not be produced in the alternative forum. Consolidated claims
its records relevant to this dispute are located in the Virgin
Islands. Sherwin-Williams claims that much of the documentary
evidence is located in Florida. Nevertheless, there is nothing
in the record to suggest that either party's documentary
evidence could not be copied and produced in the alternative
forum. Thus, sixth factor is neutral.

Considering all of the private interest factors, this Court
finds that the balance weighs in favor of transfer to the Middle
District of Florida.

The Court will next address the seven public interest
factors in turn.

**B. Public Interest Factors**

The first public interest factor is the enforceability of
the judgment. Initially, it appears that a transfer would not
adversely affect either party's ability to enforce a judgment. A

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 16

judgment for damages entered in any district court may be

registered in any other district under 28 U.S.C.S. § 1963. "A

judgment so registered shall have the same effect as a judgment

of the district court of the district where registered and may

be enforced in like manner." 28 U.S.C.S. § 1963. Thus, the first

factor is neutral.

The second public interest factor is the practical

considerations that could make the trial easy, expeditious, or

inexpensive. As stated above, many third party witnesses and

documentation are located in Florida or nearby in Georgia. Thus,

the second factor weighs in favor of the Middle District of

Florida.

The third public interest factor is the relative

administrative difficulty in the two for a resulting from court

congestion. This Court is unaware of the relative congestion

between the relevant fora. Thus, the third factor is neutral.

The fourth public interest factor is the local interest in

deciding local controversies at home. In considering the local

interests in adjudicating localized controversies, "[t]he Court

must be aware of the local interests implicated by this lawsuit

in the respective districts or, more specifically, in

the communities in which they sit." *Kendricks,* 2008 WL 3914135

at *7. In this case, because Florida is the locus of the

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 17

majority of the alleged culpable conduct, Florida has a strong

public interest in adjudicating this dispute. *See, e.g., Ricoh*

*Company, Ltd. v. Honeywell, Inc.,* 817 F. Supp. 473, 486 (D.N.J.

1993) (finding that Minnesota had a strong public interest in

litigating a dispute because most of the culpable conduct

relevant to the complaint occurred in Minnesota). In light of

Florida's strong local interest in litigating this matter, the

Court finds that the citizens of Florida have a larger stake in

the just and fair resolution of this case. *See Pain v. United*

*Technologies Corp.,* 637 F.2d 775, 792 (D.C. Cir.

1980) (explaining that jury duty should not be imposed, nor

local dockets clogged by, cases with little relation to

jurisdiction). Thus, the fourth factor weighs in favor of the

Middle District of Florida.

The fifth public interest factor is the public policies of

the fora. Because the alleged deterioration of the Woodlands's

roof potentially affected the living conditions of Florida

residents, this factor weighs in favor of the Middle District of

Florida.

The sixth public interest factor is the familiarity of the

trial judge with the applicable state law in diversity cases.

"In diversity cases, in which state or territorial law provides

the substantive rules, there is an advantage in having it

applied by federal judges who are familiar with the relevant

law, and thus in trying the case in a district of the state or

territory whose law is to govern." *Kendricks,* 2008 WL 3914135 at

*6. As this matter is presently in the District Court of the

Virgin Islands, Virgin Islands choice of law principles will

determine whether Florida, Ohio, or Virgin Islands law applies

in resolving Consolidated's substantive claims. *See Klaxon Co.*

*v. Stentor Electrical Mfg. Co.,* 313 U.S. 487, 496-97

(1941) (holding that federal courts are required to apply

conflict of law principles of forum state in a diversity case).

Section 188 of the Restatement (Second) of Conflict of Laws

provides:

> (1) The rights and duties of the parties
> with respect to an issue in contract are
> determined by the local law of the state
> which, with respect to that issue, has the
> most significant relationship to the
> transaction and the parties under the
> principles stated in § 6.
> In the absence of an effective choice of law
> by the parties (see § 187), the contacts to
> be taken into account in applying the
> principles of § 6 to determine the law
> applicable to an issue include:
> (a) the place of contracting,
> (b) the place of negotiation of the
> contract,
> (c) the place of performance,
> (d) the location of the subject matter of
> the contract, and
> (e) the domicil, residence, nationality,
> place of incorporation and place of business
> of the parties.

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 19

> These contacts are to be evaluated according
> to their relative importance with respect to
> the particular issue.

Restatement (Second) of Conflict of Laws § 188.

The Court is unaware of the presence of a choice of law clause in the contract that underlies this dispute. Therefore, the Court must determine whether the Virgin Islands, Florida, or Ohio has a more significant relationship to the transaction and the parties in light of the contacts outlined in Section 188.

The Court is unaware of the place of contracting and negotiation of the contract at issue in this matter. However, the contract was performed in Florida, the location of the subject matter of the contract is Florida, and the Virgin Islands and Ohio are each the location of a company in this dispute. Having weighed the Section 188 factors, the Court finds that they favor application of Florida law to this case. Thus, the sixth public interest factor weighs in favor of the Middle District of Florida.

Noting that the primary public interest factors are the choice of law to be applied and the relationship of the courts and jurors to the case, this Court finds that the public interest factors weigh in favor of transfer to the Middle District of Florida. *See Lacey v. Cessna Aircraft Co.,* 862 F.2d

*Consolidated Properties, Inc. v. Sherwin-Williams Co.*
Civ. No. 17-13
Order
Page 20

38, 48 (3d Cir. 1988) (setting forth the relevant public

interest factors).

### CONCLUSION

The Court acknowledges that Consolidated is located in the

Virgin Islands. On balance, however, the Court finds that both

the private and public interest factors weigh in favor of

transferring this matter to the United States District Court for

the Middle District of Florida.

The premises considered, it is hereby

**ORDERED** that the motion to transfer (ECF No. 2) is **GRANTED;**

and it is further

**ORDERED** that the Clerk of Court shall **TRANSFER** this matter

to the Middle District of Florida.


S\_____
        **Curtis V. Gómez**
        **District Judge**